853 F.2d 682
 129 L.R.R.M. (BNA) 2082, 109 Lab.Cas. P 10,647,
48 Ed. Law Rep. 376
 HANNA BOYS CENTER, Plaintiff-Appellant,
v.
Robert H. MILLER; Donald L. Dotson; Wilford W. Johansen;
James M. Stevens; Marshall B. Babson; Mary
Miller Cracraft; National Labor
Relations Board, Defendants-Appellees,
and
Social Services Union Local 535, Service Employees
International Union, AFL-CIO, Defendant-Intervenor-Appellee.
 No. 88-1756.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 13, 1988.
Decided Aug. 1, 1988.
 
 George J. Tichy, II, Patricia A. Shepherd and Beth E. Aspedon, Litler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for plaintiff-appellant.
 Abby Propis Simms, and Eric G. Moskowitz, Deputy Asst. General Counsel for Special Litigation, Washington, D.C., for defendants-appellees.
 Vincent A. Harrington, Jr., Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for defendant-intervenor-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before ALDISERT,* ALARCON and HALL, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 Plaintiff-appellant Hanna Boys Center ("Center") appeals from the district court's dismissal of its complaint for want of subject matter jurisdiction. Although the courts are generally prohibited from reviewing NLRB proceedings under section 9 of the National Labor Relations Act ("NLRA"), 29 U.S.C. Sec. 159, the Center claims that the district court should have exercised jurisdiction pursuant to two judge-made exceptions: (1) Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and (2) Fay v. Douds, 172 F.2d 720 (2d Cir.1949). The Center also contends that this court should grant its request for declaratory and injunctive relief.
 
 
 2
 Defendant-appellee the National Labor Relations Board ("NLRB" or "Board") contends that neither exception applies to the instant case. Moreover, the NLRB and intervenor Social Services Union, Local 535, Services Employees International Union, AFL-CIO ("Local 535"), argue that a prior panel's implicit determination of subject matter jurisdiction constitutes the law of the case and therefore precludes this appeal. Finally, the NLRB and Local 535 assert that sanctions under Fed.R.App.P. 38 should be imposed against the Center for bringing a frivolous appeal.
 
 
 3
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * The pertinent facts, briefly stated, are as follows. Hanna Boys Center is a residential, year-round school located in Sonoma County, California. It was founded in 1945 as a non-profit, charitable institution by two Roman Catholic priests under the auspices of the Archdiocese of San Francisco. It currently operates under the supervision and control of the Roman Catholic Diocese of Santa Rosa. The Center is organized pursuant to California's Nonprofit Religious Corporation Law, Cal.Corp.Code Secs. 9110-9690 (West Supp.1988), and enjoys state and federal tax exempt status.
 
 
 5
 The Center provides fourth grade through tenth grade educations for boys between the ages of nine and eighteen. The Center's Mission Statement states its purpose:
 
 
 6
 Hanna Boys Center offers a temporary home in which a troubled boy is given the opportunity to live with adults and peers in an environment which is caring, consistent, and disciplined. At the Center, he experiences an individualized school program, guided group interaction with his peers, individual and group counseling for himself and his family, and religious values, so that he may learn the skills and values which will help him grow into a mature and productive member of society.
 
 
 7
 On September 24, 1980 Social Services Union, Local 535, filed a representation petition with Region 20 of the NLRB to obtain an election to determine whether it would represent two units within the Center: Unit "A", which consisted of "[a]ll full-time and regular part-time child-care workers, recreation assistants, cooks, cooks [sic] helpers, and maintenance employees including plumbers, electricians, gardeners, and custodians employed by the Employer at its Sonoma, California location; excluding all other employees, professional employees, priests, nuns, and religious brothers, guards and supervisors as defined in the Act;" and Unit "B", consisting of "[a]ll office clerical employees employed by the Employer at its Sonoma, California location; excluding all other employees, professional employees, confidential employees, priests, nuns, and religious brothers, guards and supervisors as defined in the Act." Hanna Boys Center v. Social Services Union Local 535, SEIU, AFL-CIO, 284 N.L.R.B. No. 121 at 1 (July 17, 1987).
 
 
 8
 The Acting Regional Director of Region 20 issued a direction of elections in the two units.
 
 
 9
 "In directing the elections, the Acting Regional Director found, inter alia, that neither the Supreme Court's decision in NLRB v. Catholic Bishop of Chicago, 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979), nor the religion clauses of the first amendment to the U.S. Constitution precluded the Board from asserting jurisdiction in this proceeding because the Employer, in the Acting Regional Director's view, was not a 'church operated' school."
 
 
 10
 Id. The Center challenged the NLRB's jurisdiction on the ground that it was a church-operated school and therefore is exempt from the NLRA under the Supreme Court's decision in NLRB v. Catholic Bishop of Chicago, 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979).
 
 
 11
 The NLRB held three days of hearings on the Center's challenge in the fall of 1980. An election was held in the two units on March 18, 1981, but the ballots were impounded pending the Board's decision. On July 17, 1987 the Board issued its decision upholding its jurisdiction over the Center. The NLRB found that its assertion of jurisdiction over the Center was consistent with the NLRA, although it disagreed with the Acting Regional Director's conclusion that jurisdiction could be founded on the basis that the Center was not a church-operated school. The NLRB distinguished Catholic Bishop, finding that, unlike Catholic Bishop, the Board was not attempting to assert jurisdiction over teachers. The NLRB noted that "[w]ith the exception of child-care workers, the record is silent with respect to how [the employees Local 535 sought to represent] are in any way connected to the possible religious mission of the Center." Hanna Boys Center, 284 N.L.R.B. No. 121 at 9. Further, the Board concluded that the Center's child-care workers were not the equivalent of teachers. Id. at 9-10. The Center sought reconsideration of the NLRB's decision and its motion was denied.
 
 
 12
 On November 20, 1987 the Center filed a request for a temporary restraining order, a complaint for injunctive and declaratory relief, and supporting documents in the district court. The complaint alleged that the NLRB's assertion of jurisdiction over it was contrary to the NLRA, as the Supreme Court had interpreted it in Catholic Bishop, and violated the free exercise and establishment clauses of the first amendment. The Center asserted two bases for subject matter jurisdiction: Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) (federal court has subject matter jurisdiction when the NLRB acts contrary to a specific prohibition in the NLRA), and Fay v. Douds, 172 F.2d 720 (2d Cir.1949) (federal court has subject matter jurisdiction when plaintiff makes a substantial showing that his constitutional rights will be infringed by agency action).
 
 
 13
 Although the Center did not seek such relief, on December 2, 1987 the district court granted a ninety-day stay to allow the NLRB to supplement the record. The district court's concern was that, because of the six and one-half years between the hearings and its decision, the NLRB did not have the current facts before it when it decided the case. Specifically, the district court was concerned that Father Crews's affidavit submitted with the Center's federal complaint was not before the NLRB when it ruled that the Center's child-care workers were not the equivalent of teachers.
 
 
 14
 The NLRB appealed the district court's stay order, and moved this court for a summary reversal. We ruled in a one-sentence order that "Appellant the National Labor Relations Board's Motion for summary reversal is granted, and the district court's order of December 2, 1987 is vacated." Hanna Boys Center v. Miller, No. 87-15083, unpublished order (9th Cir. Feb. 22, 1988). Four days after this court granted the NLRB's motion, the district court dismissed the Center's complaint for want of subject matter jurisdiction.II
 
 
 15
 We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction. McIntyre v. McIntyre, 771 F.2d 1316, 1317 (9th Cir.1985). We conclude that the motions panel's order is law of the case on the question of subject matter jurisdiction over the Center's complaint.
 
 
 16
 Although the motions panel's order did not explicitly state that it granted the motion because the district court lacked subject matter jurisdiction, it necessarily did so by implication. The issue presented in the motion papers on appeal was the district court's lack of subject matter jurisdiction over the entire case, not just whether the district court had the power to grant a stay. Further, it is apparent that the district court interpreted the motions panel's order to preclude subject matter jurisdiction. Four days after the motions panel issued its order, the district court held a hearing to determine the meaning of the motions panel's order and dismissed the Center's complaint for want of subject matter jurisdiction.
 
 
 17
 Of course, a court of appeals may rely on any ground fairly supported by the record. See, e.g., Beezley v. Fremont Indemnity Co., 804 F.2d 530 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1610, 94 L.Ed.2d 796 (1987). The record before the motions panel, however, contained the motion papers, the district court's stay order, the transcript of the November 24, 1987 hearing held before Judge Schwarzer, and the NLRB's decision and order denying reconsideration. The entire focus of these materials was the issue of the district court's jurisdiction.
 
 
 18
 The NLRB's motion papers in appeal number 87-15083 are a near identical replica of its opening brief filed in this appeal. The only ground the NLRB asserted in seeking to reverse the district court's stay was the district court's lack of subject matter jurisdiction. Indeed, the parties agreed on this point, the Center stating in its papers that "the only issue raised on appeal is: 'Whether, as a matter of law, the District Court has subject matter jurisdiction to review or enjoin the NLRB's representation case proceedings conducted pursuant to Section 9 of the National Labor Relations Act, 29 U.S.C. Sec. 159.' " Opposition to Motion for Summary Reversal at 8-9 (emphasis in original) (quoting the NLRB's docketing statement on appeal). Throughout the Center's papers, it emphasizes:
 
 
 19
 The Motion asks this Court to rule in a summary fashion that the District Court has no authority to enjoin the Board from asserting jurisdiction over Hanna Boys Center.... Such a decision would divest the District Court of jurisdiction to hear a case it has not yet considered fully and deny Hanna the right to full appellate review of important constitutional issues.
 
 
 20
 Id. at 1; see also Appellee's December 23, 1987 Motion for an Extension of Time at 2; Appellee's January 8, 1988 Motion for an Extension of Time at 2, 4-5.
 
 
 21
 In response to the NLRB's motion for summary reversal, the Center contended the following: (1) the district court's stay order was not an injunction appealable under 28 U.S.C. Sec. 1292(a)(1); (2) even if the order were appealable, this court should refrain from deciding the merits of the appeal on a motion for summary reversal because the district court did not consider the merits of the question of subject matter jurisdiction and the issue required full appellate review; and (3) the district court did have jurisdiction pursuant to the exceptions set forth in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and Fay v. Douds, 172 F.2d 720 (2d Cir.1949).
 
 
 22
 By ruling on the merits of the NLRB's motion, the motions panel rejected the Center's first two claims. Further, by ruling in favor of the NLRB, the motions panel must have rejected the Center's third argument in response to the NLRB's contention that the district court lacked subject matter jurisdiction. The motions panel granted the NLRB's motion and vacated the district court's stay order. It must have done so on the basis that the district court lacked subject matter jurisdiction. Cf. Landreth v. Commissioner, 845 F.2d 828, 833 (9th Cir.1988) (denial of petition for rehearing "embodies an implicit holding" rejecting argument made in petition).
 
 
 23
 The Center contends only that the motions panel "merely reversed" the district court's stay order. Reply Brief for Appellant at 17. This is incorrect. The NLRB did not simply seek a reversal of the stay, it sought to divest the district court of any jurisdiction in the matter. In fact, the Center admitted as much in its motion papers. Moreover, the motions panel did not reverse and remand the case; it vacated the district court's order. Finally, by granting the Board's motion, the panel must have believed that the district court's "stay" was in practical effect an appealable injunction under 28 U.S.C. Sec. 1292(a)(1). See Appellant's Response to Opposition to Motion for Summary Reversal at 2-4. See also Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 996-97, 67 L.Ed.2d 59 (1981) (noting "practical effect" standard); Dias v. Bank of Hawaii, 764 F.2d 1292, 1294 (9th Cir.1985) (practical effect of stay of execution under Fed.R.Civ.P. 60(b) "is indistinguishable from the effect of an order at least temporarily enjoining enforcement of the judgment").
 
 
 24
 The motions panel's implicit determination that the district court lacked subject matter jurisdiction is the law of the case. The law of the case applies to "issues decided explicitly or by necessary implication in this court's previous disposition." Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir.1982); see Sidney v. Zah, 718 F.2d 1453, 1458 (9th Cir.1983). Under the law of the case doctrine, "one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." Kimball v. Calahan, 590 F.2d 768, 770 (9th Cir.), cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979).
 
 
 25
 The law of the case doctrine, however, is not an inexorable command. See United States v. Houser, 804 F.2d 565, 567 (9th Cir.1986) (law of the case doctrine "is discretionary, not mandatory"). Prior decisions in the same case should be followed on a later appeal " 'unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.' " Kimball v. Calahan, 590 F.2d at 771-72 (quoting White v. Murtha, 377 F.2d 428, 431-32 (5th Cir.1967)).[1] In addition, "while a merits panel does not lightly overturn a decision made by a motions panel during the course of the same appeal, we do not apply the law of the case doctrine as strictly in that instance as we do when a second merits panel is asked to reconsider a decision reached by the first merits panel on an earlier appeal." Houser, 804 F.2d at 568.
 
 
 26
 We have carefully reviewed the record and we hold that the prior panel's order constitutes law of the case. Because the Center has not shown any reason to overcome the bar of the prior panel's determination, we affirm the district court on this basis.[2]
 
 III
 
 27
 Both the NLRB and Local 535 argue that this court should impose Rule 38 sanctions against the Center for bringing a frivolous appeal. Fed.R.App.P. 38 states: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." The award under Rule 38 may also include attorney's fees. Operating Engineers Pension Trust v. Cecil Backhoe, 795 F.2d 1501, 1508 (9th Cir.1986). Under Rule 38, an appeal is frivolous "when the result is obvious or the appellant's arguments of error are wholly without merit." McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 28
 The NLRB and Local 535 allege two grounds for imposing Rule 38 sanctions: (1) this court already decided the jurisdiction issue in a prior appeal; and (2) the law is well-settled that subject matter jurisdiction does not exist in the courts for review of NLRB representation proceedings under section 9 of the NLRA.
 
 
 29
 As to the latter ground, it is not clear that the result is obvious or that the Center's arguments are wholly without merit. The Center asserted two arguments which are not patently incorrect: (1) subject matter jurisdiction exists under Leedom v. Kyne because the NLRB does not have jurisdiction over church-operated schools, regardless of the character of employees the union seeks to represent; and (2) subject matter jurisdiction exists under Fay v. Douds because of the Board's alleged violation of the Center's constitutional rights.
 
 
 30
 With regard to the law of the case ground, perhaps the Center should not have pursued this appeal given the earlier panel's decision. As argued above, the prior panel's decision implicitly rejected the Center's asserted jurisdictional grounds, and the district court interpreted this court's order to preclude jurisdiction. Indeed, as noted above, the Center admitted in its motion papers that to grant the NLRB's motion for summary reversal would divest the district court of jurisdiction.[3] Yet, the Center reargues the jurisdiction issue while devoting less than two pages to the prior panel's ruling and citing no authority. Reply Brief for Appellant at 16-18. See Operating Engineers, 795 F.2d at 1508 (awarding sanctions in part because appellant only devoted two pages of its brief to argument and cited inapposite authority). Admittedly, this court's prior order was cryptic and somewhat ambiguous. Nevertheless, if the Center wished clarification of the order granting the NLRB's motion for summary reversal or wished to challenge the order, it should have moved for clarification or petitioned for reconsideration or rehearing.
 
 
 31
 Although sanctions may appropriately be awarded on this basis, see Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984); Hilgeford v. Peoples Bank, 776 F.2d 176, 179 (7th Cir.1985), cert. denied, 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986), we decline to do so.
 
 
 32
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 We note that the law of the case doctrine "is inapplicable to the question of our jurisdiction to consider an appeal." Houser, 804 F.2d at 569. This is a different question from that presented here: whether the federal courts have subject matter jurisdiction over the Center's complaint
 
 
 [2]
 Our conclusion that a prior panel's determination of jurisdiction precludes this appeal does not prohibit the Center from receiving a decision on the merits of its claim. On the contrary, as the church did in Catholic Bishop, HBC may refuse to bargain with Local 535 once Local 535 obtains certification. Local 535 would then file an unfair labor practice charge with the NLRB, the Board would find the Center in violation of the NLRA, and the Board would petition this court for enforcement of its order. At that time this court may appropriately consider the merits of the Center's first amendment challenge. See 29 U.S.C. Sec. 160(f); Bays v. Miller, 524 F.2d 631, 632 (9th Cir.1975)
 
 
 [3]
 Of course, the Center is entitled to take inconsistent legal positions