5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry N. MIXON, M.D., and Marilyn Mixon, husband and wife,
Plaintiffs-Appellants,
v.
FRANKLIN COUNTY, et al., Defendants,
and
Eudean Gunnell, individually and in his capacity as Franklin
County Sheriff; Gary Schvaneveldt, individually and in his
capacity as Franklin County Deputy Sheriff; Jim Jones,
individually and in his capacity as Idaho Attorney General;
Marc Haws, individually and in his capacity as Idaho Deputy
Attorney General; John Olmstead and Scott Birch,
individually and in their capacities as investigators for
the Idaho Department of Law Enforcement; and the Idaho
Department of Law Enforcement, Defendants-Appellees.
Jerry N. MIXON, M.D., and Marilyn Mixon, husband and wife,
Plaintiffs-Appellants,
v.
FARMERS INSURANCE COMPANY OF IDAHO, an Idaho corporation, Defendant,
and
TWI, Inc., an Idaho corporation, and Robert G. Mangini, an
individual, Defendants-Appellees.
Jerry N. MIXON, M.D., and Marilyn Mixon, husband and wife,
Plaintiffs-Appellees,
v.
FRANKLIN COUNTY, et al., Defendants,
and
Jim Jones, individually and in his capacity as Idaho
Attorney General; Marc Haws, individually and in his
capacity as Idaho Deputy Attorney General; John Olmstead
and Scott Birch, individually and in their capacities as
investigators for the Idaho Department of Law Enforcement;
and the Idaho Department of Law Enforcement, Defendants-Appellants.
Jerry N. MIXON, M.D., and Marilyn Mixon, husband and wife, Plaintiffs,
v.
FARMERS INSURANCE COMPANY OF IDAHO, an Idaho corporation,
TWI, Inc., an Idaho corporation, and Robert G.
Mangini, an individual, Defendants.
Jerry N. MIXON, M.D., and Marilyn Mixon, husband and wife,
Plaintiffs-Appellees,
v.
FRANKLIN COUNTY, et al., Defendants,
and
Eudean Gunnell, individually and in his official capacity as
Franklin County Sheriff, Gary Schvaneveldt, individually and
in his official capacity as Franklin County Deputy Sheriff,
Defendants-Appellants.
Jerry N. MIXON, M.D., and Marilyn Mixon, husband and wife, Plaintiffs,
v.
FARMERS INSURANCE COMPANY OF IDAHO, an Idaho corporation,
TWI, Inc., an Idaho corporation, and Robert G.
Mangini, an individual, Defendants.
 Nos. 92-35065, 92-35119 and 92-35122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided Sept. 3, 1993.
 
 Appeal from the United States District Court for the District of Idaho, Nos. CV 87-4134-MJC, CV 88-3086-MJC; Marion J. Callister, Chief Judge, Presiding.
 D. Idaho
 Nos. 92-35119 AND 92-35122 REVERSED; No. 92-35065 DISMISSED.
 Before: BRUNETTI, LEAVY and TROTT, Circuit Judges.
 
 MEMORANDUM
 
 1
 On January 9, 1991, the district court entered an Order to deem the judgment of October 31, 1990, entered effective "January 10, 1991, for purposes of Federal Rules of Appellate Procedure 3 and 4." Nevertheless, a motions panel of this court granted a motion to dismiss the pending appeal, concluding in its order of July 15, 1991 as follows:
 
 
 2
 Finally, the evidence does not support the district court's finding that appellants' counsel acted with due diligence to ascertain whether an order had been entered regarding appellants' September 5, 1990 motion to amend judgment. Thus ... appellants were not entitled to relief under Rule 60(b).
 
 
 3
 A petition for rehearing and suggestion for rehearing en banc was filed addressing in part the applicability of Rule 60(b) to the facts of the instant case. On September 12, 1991, the petition for rehearing was denied and the suggestion for rehearing en banc was rejected.
 
 
 4
 Despite the motion panel's decision, the Mixons returned to district court and filed a motion for relief pursuant to Rule 60(b), in which they sought an extension of the time to appeal. On December 23, 1991, the district court granted the Mixons' Rule 60(b) motion, and the Mixons were given additional time to file an appeal.
 
 
 5
 The decision of an appellate court on a legal issue " 'must be followed in all subsequent proceedings in the same case.' " Maag v. Wessler, No. 92-36657, slip op. 5343, 5348 n. 2 (9th Cir. May 24, 1993) (quoting Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir.1985)) (internal quotations omitted). The motions panel held that under Rule 60(b), the Mixons were not entitled to relief and that their appeal was untimely. In Hanna Boys Center v. Miller, 853 F.2d 682 (9th Cir.1988), this Court ruled that an order of a motions panel vacating an order previously entered by the district court was the law of the case. Id. at 685-86. The motions panel in the present case ruled on the Rule 60(b) motion and determined that the Mixons' appeal was untimely. The Mixons had specifically asserted to the motions panel that in rendering a determination with respect to Rule 60(b), the motions panel was overstepping its bounds and was usurping the authority of the district court. The motions panel rejected this claim. Thus, this ruling became the law of the case.
 
 
 6
 The test to determine whether a district or appellate court may revisit a prior decision by an appellate court is whether, subsequent to that decision, the Supreme Court has spoken on the issue, a legislative act has been taken, or if there has been an en banc decision affecting the prior order. Montana v. Johnson, 738 F.2d 1074, 1077 (9th Cir.1984). None of the above occurred in the case at bar. Therefore, because the motions panel had ruled on the applicability of Rule 60(b), the district court was obligated to follow the law of the case and could not thereafter rule differently, as it did on Mixons' Rule 60(b) motion.
 
 
 7
 In case No. 92-35119, the defendants, in their amended notice of cross appeal, state that they "appeal from that portion of the Memorandum Decisions and Order of the Honorable Marion J. Callister filed January 19, 1990, wherein the court failed to dismiss the action against these defendants as to State tort cause of action." Those parties failed to raise the issue in their brief, so we deem it abandoned.
 
 
 8
 In appeal Nos. 92-35119 and 92-35122, the district court's order granting Rule 60(b) relief is REVERSED and appeal No. 92-35065 is DISMISSED.