Diana C. **FERREIRA,** Plaintiff–Appellee,

v.

Rosalia Mafnas **BORJA;** Isidora Mafnas Salas; Feliza M. Babauta; Carmen M. Guerrero; William M. Borja; Jose M. Borja; Juan M. Borja; Luna M. Borja; Patricia B. Robert, Defendants–Appellants.

No. 95–15444.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 1996.*

Decided Aug. 22, 1996.

---

* The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Theodore R. Mitchell, Saipan, CM, for defendants-appellants.

Donn Dimichele, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Los Angeles, California; John F. Biehl, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Saipan, CM, for plaintiff-appellee.

Before: FLETCHER, D.W. NELSON and CANBY, Circuit Judges.

PER CURIAM:

In *Ferreira v. Borja,* 1 F.3d 960, 963 (9th Cir.1993) ("*Ferreira I* "), this Court vacated and remanded a decision of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI" or "Commonwealth"). Rosalia Mafnas Borja ("Mafnas") now appeals the Commonwealth Supreme Court's decision on remand. She argues that the decision on remand was erroneous even though the Commonwealth Supreme Court followed our mandate in *Ferreira I.*

We affirm.

### I.

The facts are recounted in detail in *Ferreira I,* so they will be abbreviated here. Diana Ferreira sued to quiet title to land located in the Commonwealth. Mafnas, who had sold the land to Ferreira, contested Ferreira's claim to title. Mafnas argued that the land sale was void because Ferreira, a person of Northern Mariana Islands descent, had obtained financing from persons not of Northern Mariana Islands descent and had leased the land long-term to them, thereby

violating a provision of the Commonwealth Constitution. CNMI Const. art. XII, § 3 (prohibiting persons not of Northern Mariana Islands descent from acquiring a permanent or long-term interest in real property within the Commonwealth).

Applying the common law "resulting trust" doctrine, the CNMI Supreme Court concluded that the persons not of Northern Mariana Islands descent were the true owners and that Ferreira held the land in trust for them. Because the Commonwealth Constitution forbids persons not of Northern Mariana Islands descent to own land, the Court voided the sale and returned the land to Mafnas.

In *Ferreira I,* this Court reversed and remanded. The CNMI Supreme Court applied the mandate. Mafnas appeals, making the following three arguments: 1) the decision on remand violates section 805 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Pub.L. No. 94–241, 90 Stat. 263 (1976), *reprinted as amended in* 48 U.S.C.A. § 1681 note ("Covenant"); 2) the decision on remand violates section 103 of the Covenant; and 3) this court lacked jurisdiction to decide *Ferreira I.*

## II.

This court has jurisdiction over appeals from the Supreme Court of the Northern Mariana Islands in "all cases involving the Constitution, treaties, or laws of the United States." 48 U.S.C. § 1824(a) (formerly § 1694c). We lack jurisdiction to decide the first and second issues because the claims that the decision on remand violates the Covenant are so attenuated that they do not present a genuine federal issue. *See Camacho v. Civil Service Comm'n,* 666 F.2d 1257, 1262 (9th Cir.1982) (explaining that every case that implicates the Covenant is not necessarily a case arising under federal law).

■ Mafnas argues that we have jurisdiction because the Covenant, a treaty of the

United States, is involved here. Specifically, section 805 of the Covenant authorizes restrictions on alienation of land to persons not of Northern Mariana Islands descent and section 103 provides that the people of the Commonwealth will have the right to self-governance in accordance with a Constitution. We have held that we lack jurisdiction over an appeal involving Article XII of the Commonwealth Constitution, even though Article XII is authorized by section 805 of the Covenant. *See Sablan v. Manglona,* 938 F.2d 970, 971 (9th Cir.1991). In *Sablan,* we noted that "[t]he whole government and laws of the Northern Mariana Islands are, in a sense, creatures of the Covenant" and we are reluctant "to abolish any meaningful distinction between federal law and local law." *Sablan,* 938 F.2d at 971 (citing *Camacho,* 666 F.2d at 1262) (internal quotations omitted). This reasoning applies to Mafnas's contention regarding sections 805 and 103 of the Covenant. In short, the "primary issue in this case" involves the Constitution and common law of the Northern Mariana Islands, and the Covenant is only "peripherally involved." *Camacho,* 666 F.2d at 1262. We therefore lack jurisdiction over the first and second claims.

## III.

■ Mafnas's only remaining argument is that this court lacked jurisdiction to decide *Ferreira I.* We may address this issue because our jurisdiction is a question of federal law under 48 U.S.C. § 1694c, and we have jurisdiction to determine our own jurisdiction. *See Ilan–Gat Engineers, Ltd. v. Antigua Int'l Bank,* 659 F.2d 234, 239 (D.C.Cir. 1981); *United States v. United Mine Workers of America,* 330 U.S. 258, 291, 67 S.Ct. 677, 694–95, 91 L.Ed. 884 (1947). We reject Mafnas's third argument, however, because the issues raised have been decided in *Ferreira I,* which is the law of the case. *See Dean v. Trans World Airlines, Inc.,* 924 F.2d 805, 810 (9th Cir.1991) ("Under the 'law of the case' doctrine, one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case.").

It is true that on several occasions we have held that a regular "merits" panel would not

consider itself bound by a prior decision of a motions panel denying a motion to dismiss for lack of appellate jurisdiction. *See National Indus., Inc. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1262 (9th Cir.1982); *United States v. Humphries*, 636 F.2d 1172, 1174 n. 2 (9th Cir.1980), *cert. denied*, 451 U.S. 988, 101 S.Ct. 2324, 68 L.Ed.2d 846 (1981); *United States v. Emens*, 565 F.2d 1142, 1144 n. 2 (9th Cir.1977). We again followed this practice in *United States v. Houser*, 804 F.2d 565, 568–69 (9th Cir.1986), but in doing so we explained why a motions panel's ruling upholding jurisdiction could be revisited when a ruling by a regular panel on a prior appeal normally would not be revisited.

> Reconsideration by a merits panel of a motions panel's decision, during the course of a single appeal, differs in a significant way from an appellate court's reconsideration of a decision on the merits issued by that court on a prior appeal.... Full review of a motions panel decision will more likely occur only after the merits panel has acted. For this reason, while a merits panel does not lightly overturn a decision made by a motions panel during the course of the same appeal, we do not apply the law of the case doctrine as strictly in that instance as we do when a second merits panel is asked to reconsider a decision reached by the first merits panel on an earlier appeal.

*Id.* at 568. This reasoning cuts heavily against Mafna's argument on this appeal, because Mafnas is asking us to do exactly what *Houser* said would not usually be done. Mafnas asks us to overrule the decision of a prior, regular merits panel which held that it had jurisdiction over the appeal that it decided. In that situation, we conclude that the law of the case applies. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816–17 n. 5, 108 S.Ct. 2166, 2178 n. 5, 100 L.Ed.2d 811 (1988) (stating that law of the case principles apply to transfer decisions,

including transfer decisions that implicate the transferee's jurisdiction).

It is true that in *Houser*, we also said that "the doctrine of 'law of the case' is inapplicable to the question of our jurisdiction to consider an appeal," *Houser*, 804 F.2d at 569,[1] but we did so in the context of a prior ruling by a motions panel, and cited to *Green v. Dep't of Commerce*, 618 F.2d 836, 839 n. 9 (D.C.Cir.1980), which also involved reconsideration of a jurisdictional ruling of a motions panel.

█ It makes sense that, at some point, even jurisdictional rulings achieve a reasonable level of finality. *See Hanna Boys Center v. Miller*, 853 F.2d 682, 686 (9th Cir.1988) (prior appellate ruling that district court lacked jurisdiction is law of case). Surely a court that has decided that it has jurisdiction is not duty-bound to entertain thereafter a series of repetitive motions to dismiss for lack of jurisdiction. Jurisdictional reconsiderations can be as wasteful as any other kind. *See Christianson*, 486 U.S. at 816–17 n. 5, 108 S.Ct. at 2178 n. 5. In this case, for example, Mafnas vigorously presented her jurisdictional argument in the prior appeal and the issue was decided against her. A decision was reached on the merits and a remand followed, as did further proceedings in the CNMI Supreme Court. The current appeal is not the place to redetermine what was decided on the prior appeal.

Of course, the law of the case is not a doctrine of inescapable application. Mafnas, however, offers no change in circumstances, intervening decision of controlling law, or showing of manifest injustice that would justify revisiting our prior ruling. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.), *cert. denied sub nom. Cargill, Inc. v. United States*, —— U.S. ——, 116 S.Ct. 407, 133 L.Ed.2d 325 (1995). We therefore apply the law of the case and affirm the decision of the Commonwealth Supreme Court.

---

1. This statement is repeated as dictum in *Hanna Boys Center v. Miller*, 853 F.2d 682, 686 n. 1 (9th Cir.1988). *Hanna* did not involve this court's appellate jurisdiction, but held that an earlier ruling concerning the district court's jurisdiction was the law of the case. *Id.* at 686.

## IV.

We lack jurisdiction over the first two claims because Mafnas has not presented a genuine federal issue. The third claim is governed by the law of the case. The decision of the Commonwealth Supreme Court on remand is therefore

**AFFIRMED.**

