Diana C. **Ferreira**,
Plaintiff/Appellee,
**v.**
Rosalia Mafnas **Borja**, et al.,
Defendants/Appellants,
Theodore R. Mitchell,
Real Party in Interest/Appellant.
Appeal No. 97-026 & 97-029 (consolidated)
Civil Action No. 86-796
January 21, 1999

Argued and Submitted on October 14, 1998

Counsel for appellants: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan.

Counsel for appellee: John Biehl, Saipan. (Carlsmith Ball Wichman Case & Ichiki)

BEFORE: DEMAPAN, Associate Justice, MANGLONA, Justice Pro Tem, and ATALIG, Justice Pro Tem.

PER CURIAM:

¶1 ■ Defendants appeal the Superior Court's orders of June 3, 1997, and July 21, 1997.[1] We have jurisdiction pursuant to Article IV, § 3 of the Commonwealth Constitution. N.M.I. Const., art. IV, § 3 (1997). We affirm.

### ISSUES PRESENTED AND STANDARDS OF REVIEW

¶2 The issues before this Court are:

I. Whether the Superior Court erred in denying defendants' Rule 60(b) motion for relief from judgment in its order of June 3, 1997.[2]

II. Whether the Superior Court erred in concluding that defendants' Rule 60(b) motion for relief from judgment was frivolous.

III. Whether the Superior Court erred in granting plaintiff's motion for Rule 11 sanctions.

IV. Whether the Superior Court erred in granting Rule 11 sanctions without an opportunity to be heard on the appropriate sanctions imposed.

---

[1] Appeal No. 97-026 addresses the June 3, 1997 order and Appeal No. 97-029 addresses the July 21, 1997 order.

[2] Issue I was addressed in appeal no. 97-026 and Issues II-IV were addressed in appeal no. 97-029.

¶3 ■ We review the trial court's denial of defendants' Rule 60(b) motion for relief under the abuse of discretion standard. We also review the imposition of sanctions by the trial court under the abuse of discretion standard. *Pangelinan v. Itaman*, 4 N.M.I. 114, 118 (1994); *Wabol v. Camacho*, 4 N.M.I. 388, 389 (1996).

¶4 ■ Under the abuse of discretion standard, this court may reverse the trial court if its decision is based on a clearly erroneous finding of material fact, or if it did not apply the correct law. *Pangelinan*, 4 N.M.I. at 118.

### FACTS AND PROCEDURAL BACKGROUND

¶5 In 1988, the Superior Court granted the defendants' motion for summary judgment and held that the transaction at issue violated Article XII of the Commonwealth Constitution. *Ferreira v. Borja*, 3 CR 472, 500 (1988). In 1992, the Commonwealth Supreme Court affirmed the decision on other grounds. The Court rejected the agency-trust argument but held that a resulting trust arose from plaintiff's partnership agreement and that plaintiff held the land in trust for persons of non-Northern Marianas descent which was in violation of Article XII of the Commonwealth Constitution. *Ferreira v. Borja*, 2 N.M.I. 514, 533 (1992).

¶6 In 1993, the United States Court of Appeals for the Ninth Circuit vacated the decision of the Commonwealth Supreme Court and remanded the case to consider interpretation of resulting trust theory. *Ferreira v. Borja*, 1 F.3d 960, 963 (9th Cir. 1993).

¶7 On remand, the Commonwealth Supreme Court agreed with the Ninth Circuit that because the purported transaction to be accomplished had an illegal purpose, no resulting trust would have arisen in favor of the third parties who were not of Northern Marianas descent. Further, the court affirmed that the agency theory was not applicable to this matter. *Ferreira v. Borja*, 4 N.M.I. 211, 212 (1995). Therefore, the Court reversed the trial court's granting of summary judgment against plaintiff in favor of the defendants and remanded the matter to the trial court with instructions to enter a final judgment and decree giving quiet title of all three lots to plaintiff. Defendants appealed this decision in *Ferreira v. Borja*, 93 F.3d 671 (9th Cir. 1996) but it was affirmed by the Ninth Circuit. *Id.* at 675. On February 18, 1997, the United States Supreme Court denied defendants' petition for writ of certiorari.

¶8 On April 25, 1997, the defendants moved the trial court for relief from judgment pursuant to Rule 60(b) of the Commonwealth Rules of Civil Procedure. The Superior Court denied the motion in its June 3, 1997, order. On June 9, 1997, the plaintiffs moved for Rule 11 sanctions against Mr. Mitchell which was granted by the court on July 21, 1997. Defendants timely appealed.

## ANALYSIS

**I. Whether the Superior Court erred in denying defendants' Rule 60(b) motion for relief from judgment.**

¶9 Rule 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, . . . misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

¶10 ■ Defendants allege that the motion should have been granted because of the exceptional circumstances or manifest injustice which would ensue. There is no provision in Rule 60 except perhaps subpart six to justify the motion. The Superior Court held that the decisions of the Commonwealth Supreme Court and the decisions of the United States Ninth Circuit Court of Appeals constitute the law of the case in this matter and therefore the Superior Court was bound by the decisions of the higher courts. We find that the Superior Court did not abuse its discretion in denying the motion and we affirm its decision.

**II. Whether the Superior Court erred in concluding that defendants' Rule 60(b) motion for relief from judgment was frivolous.**

¶11 ■ The Superior Court found that defendants' Rule 60(b) motion to set aside the judgment on the grounds that the Ninth Circuit had no jurisdiction to vacate the 1992 judgment in this case had no plausible legal basis and therefore there was no chance of success. We find that the Superior Court did not abuse its discretion and we affirm its decision.

**III. Whether the Superior Court erred in granting plaintiff's motion for Rule 11 sanction.**

¶12 Rule 11 provides in part:

> In submitting a pleading or written motion, an attorney or unrepresented party is certifying that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law.

Com. R. Civ. P. 11(b).

¶13 ■ If this certification is false, the court may impose sanctions. Com. R. Civ. P. 11(c). Granting sanctions is within the sound discretion of the trial court unless there is a showing of an abuse of discretion. We find no abuse and therefore affirm the imposition of Rule 11 sanctions.

**IV. Whether the Superior Court erred in granting sanctions without an opportunity to be heard on the appropriate sanctions imposed.**

¶14 On June 9, 1997, plaintiff moved the Superior Court for Rule 11 sanctions against Mr. Mitchell for filing the Rule 60(b) motion. The Superior Court granted the motion on June 21, 1997, and plaintiff's counsel was given "ten (10) days from July 16, 1997, to file an affidavit in support of sanctions." Mr. Mitchell was present at the hearing and opposed the motion. We affirm the imposition of sanctions by the Superior Court.

¶15 Plaintiff's counsel filed his affidavit on July 25, 1997, and Mr. Mitchell did not file any opposition to the affidavit in support of sanctions. The failure to object below on the fees and the issue of reasonableness of the amount of sanctions imposed shall be determined in *Ferreira v. Borja*, appeal no. 98-003.

## CONCLUSION

¶16 Based on our reasoning stated above, we **AFFIRM** the judgment of the Superior Court denying the Rule 60(b) motion and the granting of Rule 11 sanctions. Each party shall bear their own fees and costs from this appeal.