988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eva Patrick VERNER, Defendant-Appellant.
 Nos. 91-50838, 92-50201 and 92-50316.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 11, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-89-0831-RSWL-1, Ronald S.W. Lew, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eva Patrick Verner pleaded guilty to one count of mail fraud and four counts of wire fraud based on the fraudulent sale of two properties. She was sentenced to 30 months incarceration to be followed by three years of supervised release. Verner appeals the amount of the restitution order and the location of her supervised release. She also makes several arguments regarding the calculation and execution of her sentence. We reject each of her arguments.
 
 
 3
 I. The $222,002.27 Restitution Order.
 
 
 4
 As one condition of Verner's supervised release, the district court ordered that she pay restitution of $222,002.27. This amount was equal to two wire transfers of funds that resulted from the fraudulent sales of two homes that Verner did not own. One wire transfer was for $90,002.27; the other was for $132,000.
 
 
 5
 Verner claims that because the specific sums of monetary loss caused by her fraudulent scheme were omitted from the superceding information against her, the court had no authority to sentence or impose restitution based on the omitted sums. We need not address this argument because it was specifically rejected by this court in one of Verner's prior appeals and is the law of the case. See United States v. Houser, 804 F.2d 565, 568 (9th Cir.1986) (a panel will not generally reconsider an earlier panel's decision absent a showing "which compels us to reconsider our prior decision"). In the prior decision, this court found that even though the superceding information did not list specific amounts, "the district court, at sentencing, was free to consider the sums." United States v. Verner, Nos. 90-50141 & 90-50462, n. 2 (9th Cir. Aug. 29, 1991).
 
 
 6
 Verner also contends that insufficient evidence supported the district court's determination of the amount of loss. However, she admitted at both her arraignment and at her sentencing hearing that she made the telephone calls that resulted in the two wire transfers. The presentence report also detailed the amounts involved with each of the two fraudulent sales. Further, Verner admitted receiving at least $32,000 from the $90,002.27 transfer.[1] Moreover, at Verner's sentencing, the district court conducted a hearing to establish the validity of the restitution amount and received evidence that losses to the victims of the fraudulent sales far exceeded the $220.00.27 restitution amount. Accordingly, we cannot conclude that the district court abused its discretion in ordering that Verner pay $220.002.27 in restitution, and we affirm that order. See United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992).
 
 
 7
 II. Location of Verner's Supervised Release.
 
 
 8
 On December 3, 1991, Verner was released from custody, given an airline ticket to Los Angeles, and instructed to report to her probation officer in Los Angeles. Verner changed the ticket and flew to Georgia. On December 12, 1991, she filed an ex parte application seeking a transfer of her supervised release to the probation office in Georgia. On December 23, 1991, the district court denied her application and issued a warrant for her arrest for violation of her supervised release. On January 16, 1992, Verner was arrested and brought to Los Angeles. She was in custody until March 4, 1992. On February 28, 1992, the district court modified her supervised release by allowing her to travel to Georgia for four months to take care of personal and financial matters. On March 1, 1992, Verner filed a notice of appeal from the court's February 28, 1992, order. On June 12, 1992, the district court suspended its order that required Verner to return to Los Angeles. On August 19, 1992, the probation office advised the court that Georgia had accepted supervision of Verner's supervised release and that no further action by the district court was necessary to transfer her supervised release.
 
 
 9
 Even though the district court suspended its February 28th order, Verner's brief asserts that it is not moot because she can still be incarcerated again "at the slightest whim or frivolous accusation by anyone who feels like doing this." This is incorrect. The district court cannot reinstate its order requiring her to return to California without affording her a hearing and the assistance of counsel. See Fed.R.Crim.P. 32.1(b). Accordingly, we dismiss Verner's appeal of the February 28th order as moot.
 
 
 10
 III. Credit for Time Served as of September 18, 1989.
 
 
 11
 Verner claims that she is entitled to credit against her federal sentence from September 18, 1989, because that was the date the district court ordered credit to begin. Again, this claim was previously litigated before another panel of this court. It concluded that Verner was not entitled to credit for the time she served in state custody. United States v. Verner, No. 91-50408 (9th Cir. Mar. 23, 1992). This is the law of the case, and we see no reason to reconsider the question here. See Houser, 804 F.2d at 568.
 
 
 12
 IV. Computation of Verner's Time Credits and Release Date by the Bureau of Prisons and the Parole Commission.
 
 
 13
 Verner contends that the Bureau of Prisons and the Parole Commission erred in calculating the release dates on her sentences. She argues that she was improperly incarcerated for approximately 12 additional months and was denied pre-release from prison.[2] Verner pleaded guilty to five counts. She originally received concurrent 30 month sentences on three pre-sentencing guidelines counts and concurrent 27 month sentences on two post-guidelines counts. The reason that Verner's sentence was not substantially affected by her prior victory before this court is that that case affected only her two post-guidelines sentences. See Verner, Nos. 90-50141 & 90-50462, at § 4. The three 30 month, concurrent pre-guidelines sentences remained intact. Id.
 
 
 14
 Verner's claims that she was improperly denied parole do not address the imposition of her sentence, but its execution. As such, they are not properly raised on appeal from the district court's imposition of a modification of her sentence. See United States v. Espinoza, 866 F.2d 1067, 1070-71 (9th Cir.1988). Such claims should be made in the context of a habeas corpus proceeding. Accordingly, we reject Verner's arguments that her sentence was improperly computed and executed.
 
 
 15
 V. Credit for Time Spent in Custody Pending Verner's Supervised Release Revocation Hearing.
 
 
 16
 Verner also contends that she has been denied credit towards her supervised release term for the period that she was in custody after her arrest for failing to report to her Los Angeles probation officer. She was in custody from January 16, 1992, to March 4, 1992, awaiting a revocation hearing. The district court, however, did not lengthen the term of her supervised release. Thus, the time Verner spent in custody pending her revocation hearing has already been credited against her original three year supervised release term.
 
 
 17
 VI. Conclusion.
 
 
 18
 The district court's restitution order is AFFIRMED. Verner's appeal of the district court's order regarding the location of her supervised release is DISMISSED as moot. Verner's other arguments are rejected.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Restitution is determined on the basis of losses to victims and is, therefore, not limited to the amount of money that Verner actually received. See United States v. Cloud, 872 F.2d 846, 855 (9th Cir.), cert. denied, 493 U.S. 1002 (1989)
 
 
 [2]
 Verner's calculation of the twelve months starts from September 18, 1989, instead of November 9, 1989, which was when she was transferred to federal custody. See, supra, § III