60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Karluk MAYWEATHERS, Plaintiff-Appellant,
v.
James H. GOMEZ, Director of California Department of
Corrections; CHARLES D. MARSHALL, Warden of Pelican Bay
State Prison; B.J. BUNNELL, Superintendent, California
Correctional Institution; et al., Defendants-Appellees.
 No. 94-16631.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Appeal from the United States District Court, for the Northern District of California, D.C. No. CV-92-01601-EFL; Eugene F. Lynch, District Judge, Presiding.
 N.D.Cal.
 DISMISSED IN PART, AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karluk Mayweathers, a California state prisoner, appeals pro se the district court's (1) transfer of certain claims to the Eastern District of California; (2) denial of his application for a temporary restraining order; (3) dismissal of his claim that his cassette player, adaptor, calculator, and hobby craft items were unconstitutionally confiscated; (4) dismissal of his claim that the prison's failure to institute a handicraft program violated his civil rights; and (5) summary judgment in favor of defendants upholding the prison regulation banning calculators. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review a district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). We review a district court's summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We dismiss in part, affirm in part, and vacate and remand in part.
 
 
 3
 Mayweathers appeals the district court's transfer of some of his claims to the Eastern District of California. Mayweathers already sought review of the transfer order, and we affirmed the transfer order in Mayweathers v. Bunnell, No. 93-17002, unpublished memorandum disposition (9th Cir. Nov. 4, 1994). "We will reconsider a ruling of this court on the same issue presented in the same action if a showing is made which compels us to reconsider our prior decision." United States v. Houser, 804 F.2d 565, 568 (9th Cir.1986). Mayweathers presents no compelling reason to reconsider our previous ruling, and we therefore decline to revisit this issue. See id.
 
 
 4
 We dismiss Mayweathers's appeal of the district court's denial of his application for a temporary restraining order because it is a non-appealable order. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989).
 
 
 5
 Mayweathers contends that the district court erred by dismissing his claim that his cassette player, adaptor, calculator, and hobby craft items were unconstitutionally confiscated. This contention has merit.
 
 
 6
 The district court found that, because Mayweathers had a state tort remedy, a federal claim under the Fourteenth Amendment was foreclosed under Hudson v. Palmer, 468 U.S. 517, 533 (1984), and Parratt v. Taylor, 451 U.S. 527, 540-41 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Generally, the negligent or intentional unauthorized deprivation of property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy. Hudson, 468 U.S. at 533; Taylor v. Knapp, 871 F.2d 803, 805-06 (9th Cir.), cert. denied, 493 U.S. 868 (1989).
 
 
 7
 Here, however, Mayweathers challenges the intentional and authorized deprivation of his property, and therefore states a claim despite the availability of an adequate remedy under state law. See, e.g., Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir.1985) (holding Parratt doctrine inapplicable to cases involving "deliberate, considered, planned or prescribed conduct by state officials").
 
 
 8
 Because Mayweathers's claim has an arguable basis in law and fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), the district court erred by dismissing the claim under 28 U.S.C. Sec. 1915(d). Accordingly, we vacate the dismissal of this claim and remand to allow issuance and service of process of Mayweathers's claims. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 9
 Mayweathers contends that the district court erred by dismissing his claim that the prison's failure to institute a handicraft program violated his civil rights. This contention lacks merit.
 
 
 10
 Although the district court overlooked the fact that Mayweathers had cited prison regulations concerning handicraft programs, the regulations do not create a constitutional liberty interest. Because the prison's failure to institute a handicraft program is not an "atypical, significant deprivation," the district court properly dismissed this claim as frivolous under 28 U.S.C. Sec. 1915(d). See Sandin v. Conner, 1995 LEXIS 4069, at * 26 (U.S. June 19, 1995).
 
 
 11
 Mayweathers contends that the district court erred by finding that the prison regulation banning calculators for prisoners not enrolled in prison approved education programs was reasonably related to a valid penological interest. This contention lacks merit.
 
 
 12
 In support of their motion for summary judgment, defendants submitted an affidavit by Cliff Johnson, an associate warden, stating that battery-powered calculators are a threat to inmate safety because contraband can be hidden inside the body of calculators. He also states that systematically searching calculators for contraband would be a burden on the staff. The evidence presented by the defendants established that the ban on calculators was reasonably related to security concerns, that an appeal process existed as an alternative means of exercising a prisoner's right to due process, and that allowing calculators would be a burden on the prison. See Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Skelton v. Pri-Cor, Inc., 963 F.2d 100, 103 (6th Cir.1991) (upholding prison policy banning hard-cover books because of security reasons), cert. denied, 503 U.S. 989 (1992). Accordingly, the district court did not err by granting summary judgment in favor of defendants on Mayweathers's claim for injunctive relief concerning the prison regulation banning calculators.
 
 
 13
 Defendants contend in their brief on appeal that Mayweathers's claim for damages against defendant Reagan was automatically dismissed by law pursuant to Fed.R.Civ.P. 25(a)(1) ninety days after notice of Reagan's death because Mayweathers failed to substitute another defendant in his place. Accordingly, we vacate and remand with instructions to dismiss Mayweathers's claim for damages against defendant Reagan pursuant to Fed.R.Civ.P. 25(a)(1). See Weil v. Investment/Indicators, Research & Management, Inc., 647 F.2d 18, 21 n. 5 (9th Cir.1981).
 
 
 14
 In sum, we decline to consider Mayweathers's appeal of the transfer order. We dismiss Mayweathers's appeal of the district court's denial of a temporary restraining order because it is a non-appealable order. We affirm the district court's dismissal of Mayweathers's claim concerning the institution of a handicraft program and the grant of summary judgment on Mayweathers's claim for injunctive relief concerning the prison regulation banning calculators. We vacate the district court's dismissal of Mayweathers's claim of unconstitutional confiscation of items from his cell and remand for issuance and service of process of this claim. We also vacate the district court's grant of summary judgment on Mayweathers's claim for damages against defendant Reagan and remand with instructions to dismiss pursuant to Fed.R.Civ.P. 25(a)(1).
 
 
 15
 DISMISSED in part, AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mayweathers's request for oral argument is denied. In addition, because no exceptional circumstances exist, Mayweathers's motion for appointment of counsel is denied. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (finding appointment of counsel warranted if exceptional circumstances exist)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3