**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FARHAD FAZLI, etc.,

    Plaintiff-Appellant,

    and

MEHRAN HARIRI, etc.,

    Plaintiff,

       v.

CONOCOPHILLIPS COMPANY, a
Texas Corporation,

    Defendant-Counter-claimant-
Appellee,

JALIL MAJDI,

    Counter-defendant.

No. 08-56789

D.C. No. CV 03-04938 FMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Florence Marie Cooper, District Judge, Presiding

Argued and Submitted February 9, 2010
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL, District Judge[**]

Farhad Fazli appeals the district court's order granting summary judgment in favor of ConocoPhillips Company with respect to Fazli's claims under the Petroleum Marketing Practices Act ("PMPA") and under state law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The "law of the case" doctrine did not preclude the district court from entertaining ConocoPhillips' motion for summary judgment following remand of the action, because our disposition of the prior appeal did not address whether ConocoPhillips had made a bona fide offer to Fazli.[1] *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186 (9th Cir. 2001) ("[t]he doctrine does not apply to issues not addressed by the appellate court"). With respect to the district court's prior order, when the issue is one that previously was decided by the district court itself, application of the doctrine is discretionary. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004). "'All rulings of a trial court are subject

---

[**] The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

[1] Under applicable provisions of the PMPA, a franchisor seeking to sell a service station leased and operated by a franchisee must, within ninety days after issuing the notice of nonrenewal of franchise, make a bona fide offer to sell the station to the franchisee or give the franchisee an opportunity to buy the station on the same terms as a third party offer. 15 U.S.C. § 2802(b)(3)(D)(iii).

to revision at any time before the entry of judgment.'" *Id.* (quoting *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986)).

Fazli did not object to admission of the Glenwood offer in the district court proceedings and thus he has waived the objection. *See United Bhd. of Carpenters and Joiners of Am., Lathers Local 42-L v. United Bhd. of Carpenters and Joiners of Am.*, 73 F.3d 958, 962 n.1 (9th Cir.1996). Moreover, the probative value of the Glenwood offer is not affected by ConocoPhillips' failure to inform Fazli of the offer at an earlier point in time. *See Rhodes v. Amoco Oil Co.*, 143 F.3d 1369, 1374 n.6 (10th Cir. 1998) ("As we have noted, the proper test is an *objective* analysis whether the final offer of Amoco was bona fide. In this analysis, whether the plaintiff's evidence was communicated to Amoco before commencement of the lawsuit could have no bearing.") (emphasis in original). Finally, Fazli is mistaken in asserting that courts may not consider evidence of offers and appraisals that post-date a purported bona fide offer. *See Slatky v. Amoco Oil Co.*, 830 F.2d 476, 485-86 (3d Cir. 1987) (holding that district court should have considered evidence in the record, which included pre- and post-offer appraisals, in determining whether the franchisor's sale offer was bona fide); *Anand v. BP West Coast Products LLC*, 484 F. Supp. 2d 1086, 1097-98 (C.D. Cal. 2007) (considering both pre- and post-offer appraisals); *Harara v. ConocoPhillips*, 377 F. Supp. 2d 779,

3

788 (N.D. Cal. 2005) (considering pre-offer appraisals, a post-offer bid by a third party, and the post-offer sale of the property to a third party).

The district court did not err in granting summary judgment with respect to Fazli's PMPA claim. Viewing the evidence in the light most favorable to Fazli, no reasonable trier of fact could conclude that ConocoPhillips failed to make a bona fide offer to Fazli prior to selling the station to a third party. The totality of the evidence established that ConocoPhillips' sale offer of $980,000 approached fair market value. *See Ellis v. Mobil Oil*, 969 F.2d 784, 787 (9th Cir. 1992) (an offer to sell is bona fide under the PMPA if it approaches fair market value). The differences between the competing valuations were not substantial enough to create a triable issue as to this material fact. *See Rhodes*, 143 F.3d at 1372 ("We wish to emphasize, however, that we do *not* hold that summary judgment for the franchisor can never be proper, and that jury trial must always be had, whenever the parties each produce an appraisal and the appraisals do not arrive at identical conclusions on value.") (emphasis in original); *Sandlin v. Texaco Refining and Marketing, Inc.*, 900 F.2d 1479, 1482-83 (1990) (holding as a matter of law that the offer price was "objectively reasonable as a reflection of fair market value" where there was only an insubstantial difference between the competing appraisals and the offer price fell between them).

4

Nor did the district court err in granting summary judgment with respect to Fazli's state law claims, which are derivative of or preempted by the PMPA.

**AFFIRMED**.