**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALASKA SURVIVAL; SIERRA CLUB; COOK INLETKEEPER, *Petitioners*, | No. 12-70218 |
| | STB No. FD-35095 |
| v. | |
| SURFACE TRANSPORTATION BOARD; UNITED STATES OF AMERICA, *Respondents*, | ORDER |
| ALASKA RAILROAD CORPORATION; MATANUSKA-SUSITNA BOROUGH; STATE OF ALASKA, *Respondents-Intervenors*. | |

On Petition for Review of an Order of the
Surface Transportation Board

Argued and Submitted
November 8, 2012–San Francisco, California

Filed November 28, 2012

Before: Ronald M. Gould and Milan D. Smith, Jr., Circuit
Judges, and Kevin Thomas Duffy, District Judge.[*]

---

[*] The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Stay Order

In a published order, the panel granted a motion to lift the court's October 1, 2012 order granting a stay of the Surface Transportation Board's November 21, 2011 order, and denied a petition for review of the Board's order. The panel stated that an opinion on the merits of denial of the petition for review will follow in due course.

The panel commented briefly on its reasoning for lifting the stay, and concluded that petitioners no longer satisfied the standard for issuance of a stay. This court initially determined that petitioners raised a "serious question" regarding whether the Board complied with the National Environmental Policy Act in determining the "purpose and need" of a proposed rail line and that the balance of hardships tipped in petitioners' favor. However, upon further review of the record, the panel concluded that the Board's "purpose and need" statement complied with the Act and that petitioners no longer raised "serious questions" on this point; and the balance of hardships no longer tipped sharply in the petitioners' favor.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

James B. Dougherty (argued), Washington, D.C.; Jessica Yarnall Loarie, Sierra Club, San Francisco, California for Petitioners.

Theodore L. Hunt (argued), Raymond A. Atkins, Evelyn G. Kitay, Surface Transportation Board, Washington, D.C.; Mary Gabrielle Sprague, Robert B. Nicholson, and John P. Fonte, Department of Justice, Washington D.C., for Respondents.

Jay C. Johnson (argued) and Kathryn Kusske Floyd, Dorsey & Whitney LLP, Washington D.C., for Respondents-Intervenors Alaska Railroad Corporation and Matanuska-Susitna Borough.

Michael C. Geraghty and Sean P. Lynch, State of Alaska, Department of Law, Juneau, Alaska for Respondent-Intervenor the State of Alaska.

## ORDER

Respondents-Intervenors Alaska Railroad Corporation and Matanuska-Susitna Borough's motion to lift this court's October 1, 2012, order granting a stay of the Surface Transportation Board's (STB's) November 21, 2011, order is **GRANTED**. *Leiva-Perez v. Holder,* 640 F.3d 962, 964, 966 (9th Cir. 2011) (stating the relevant standard); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32, 1135 (9th Cir. 2011) (same). Additionally, the petition for review of the STB's order is **DENIED**. An opinion on the merits of denial of the petition for review will follow in due course.

However, we think it appropriate to comment briefly now on our reasoning for lifting the stay.

Based on the merits briefing and the oral argument held before us, we conclude that Petitioners no longer satisfy the standard for issuance of a stay. *See United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986) (discussing a merits panel's authority to reconsider a motions panel's decision). This court initially determined that Petitioners raised a "serious question" regarding whether the STB complied with the National Environmental Policy Act (NEPA) in determining the "purpose and need" of the proposed rail line and that the balance of hardships tipped sharply in Petitioners' favor. Order, *Alaska Survival v. Surface Transp. Bd.*, No. 12-70218 (9th Cir. Oct. 1, 2012). After further review of the record, we have concluded that the STB's "purpose and need" statement complied with NEPA and that Petitioners no longer raise "serious questions" on this point.

Moreover, the balance of hardships no longer tips sharply in the Petitioners' favor. Further delay of this project will prevent the award of construction contracts, postpone the hiring of construction employees, and significantly increase costs. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir. 2010) (noting that economic harm may be a factor in considering the balance of hardships). Because this project is funded largely with taxpayer dollars, these increased costs of construction, which the Respondents-Intervenors in moving to lift the stay estimated at $10–12 million, will burden the public upon continued delay. By contrast, the weight to be given Petitioners' assertions of hardship because of environmental harm is weakened by this court's decision to deny the petition for review, which will allow the project to move forward. Because we have concluded that the

agency acted in accord with law and that its decision is not arbitrary and capricious, it is for the STB and not for our court to balance the justifications of planned economic progress in improved rail service against the possibilities of environmental harm from building and operating the rail line.

The time to file a petition for rehearing or a petition for rehearing en banc of this court's denial of the petition for review will begin to run when the subsequent opinion is filed. The time to file a petition for rehearing or a petition for rehearing en banc of the court's decision to grant the motion to lift the stay will run as of the date of this order.