**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10106 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-01391-SRB-1 |
| v. | |
| TANYA MARIA MARCHIOL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 16, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Tanya Marchiol appeals her convictions and sentence for three counts

of money laundering and five counts of structuring a financial transaction. We

have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1. At trial, Marchiol sought to introduce Internal Revenue Service ("IRS") mitigation guidelines for administrative seizures. Marchiol wanted to show that, because the IRS returned a portion of the money confiscated from her home as part of a settlement agreement, the IRS must have determined that Marchiol had not engaged in an illegal structuring transaction. The district court concluded that the guidelines could lead the jury to draw an improper inference about the IRS's reasons for settling. In so ruling, the district court did not abuse its discretion. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("[C]ourts of appeals uphold Rule 403 rulings unless the district court has abused its discretion.").

Even if the guidelines should have been admitted, any error was harmless. *See Heyne v. Caruso*, 69 F.3d 1475, 1478 (9th Cir. 1995) (stating that any error must be prejudicial and affect a party's substantial rights). The jury heard testimony that Marchiol knew the IRS planned to seize her assets; she accordingly decided to "get[] the cash out before it was too late;" she inquired as to how much money she could withdraw without risking a Currency Transaction Report; and she subsequently made a series of withdrawals for just under $10,000 from various accounts. Ample evidence supported Marchiol's conviction, and the exclusion of

the guidelines did not taint the verdict. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001).

2. Marchiol did not object at trial to the admission of a state court forfeiture order finding probable cause to believe that the house she purchased for her client constituted proceeds traceable to money laundering. Thus, we review for plain error, which "is shown if the evidence was inadmissible and its admission affected the outcome and . . . right to a fair trial." *United States v. Houser*, 804 F.2d 565, 570 (9th Cir. 1986).

Here, the forfeiture order was admissible. It was found among Marchiol's personal files during a search of her home and corroborated witness testimony about the property transaction. *See* Fed. R. Evid. 401. Nor did the order affect Marchiol's conviction in light of the testimonial and documentary evidence establishing that she knew that the cash used to purchase the house came from drug sales and then devised a scheme to hide the money's illicit provenance. The admission of the order was thus not plain error.

3. Because Marchiol neither contested joinder nor asked for the charges against her to be severed at trial, we review these challenges for plain error. *See* Fed. R. Crim. P. 52(b). Under this standard, Marchiol must show "that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute;

3

(3) the error affected the appellant's substantial rights," that is, that it "affected the outcome of the [trial]; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and citations omitted).

Here, the questions of whether the charges were improperly joined or should have been severed are "subject to reasonable dispute." *Id.* In light of the district court's limiting instruction to the jury to consider the charges separately, and the ample evidence of guilt, any error did not affect the outcome of Marchiol's trial and did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.*

**AFFIRMED.**