NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30265 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-20-RRB |
| v. | |
| JAMES R. BACK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Hon. Ralph R. Beistline, District Judge, Presiding

Argued and Submitted June 12, 2018
Anchorage, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Defendant-Appellant James R. Back appeals from the judgment of the

United States District Court of Alaska, which found him guilty on three counts of

filing false tax returns in violation of 26 U.S.C. § 7206(1) and four counts of

failing to file tax returns in violation of 26 U.S.C. § 7203. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

On appeal, Back challenges three of the district court's rulings at trial: (1) admitting evidence that Back purchased over $431,000 in precious metals during the years at issue, (2) admitting testimony that Back's returns were patterned after a common scheme promoted by Peter Hendrickson, and that Hendrickson was convicted of tax violations, and (3) giving a *sua sponte* instruction on the "knowingly" standard, in addition to its instructions on willfulness, where it was undisputed that the charges required the government to prove willfulness.

1.  We review the district court's rulings regarding the relevancy and the prejudicial effect of evidence for abuse of discretion. *United States v. Kallin*, 50 F.3d 689, 693 (9th Cir. 1995). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). The parties made no stipulations as to the elements of the charges, and thus the government was entitled to prove its case.

The evidence of Back's spending on precious metals was relevant to the elements of the charges in two ways. First, Back's impressive spending during the prosecution years was probative of whether he had sufficient taxable income to be required to file returns during those years—a necessary element of the four counts under 26 U.S.C. § 7203. Second, Back's spending went to the willfulness element in each of the seven counts. Back's spending made it more likely that Back knew of his legal duty to report income and file returns but made a "voluntary,

intentional" choice to ignore that duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991) (holding "willfulness" is the "voluntary, intentional violation of a [known legal] duty"). Furthermore, the district court might have reasonably concluded that Back's active *spending* of these sums was marginally more probative of Back's knowledge of his income than was his passive *receipt* of it. Therefore, the district court did not abuse its discretion in ruling that this evidence was at least "marginally relevant" to "show[] [Back's] financial activities during the time in question." *See United States v. Marabelles*, 724 F.2d 1374, 1379 (9th Cir. 1984) ("Although direct proof of a taxpayer's intent to evade taxes is rarely available, willfulness may be inferred by the trier of fact from all the facts and circumstances.").

Nor was the evidence unduly prejudicial. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. "Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (emphasis in original). Here, any danger of prejudice was minimized by the court's *sua sponte* limiting instructions. Having given these limiting instructions, the district court did not abuse its discretion in determining that the danger of prejudice did not "substantially outweigh" the probative value of the evidence. *Id.*

14-30265

(affirming district court's admission of evidence under Rule 403 because "[a]ny . . . prejudice was minimized by the limiting instruction" and this court "must presume that juries will follow the district court's limiting instructions").

2. We review Back's remaining claims only for plain error. *See United States v. Houser*, 804 F.2d 565, 570 (9th Cir. 1986); *United States v. Ward*, 914 F.2d 1340, 1344 (9th Cir. 1990). This court will not reverse on plain error review unless the defendant shows (1) error, (2) that is obvious, (3) that affects substantial rights (*i.e.*, prejudices the defendant), and (4) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732–36 (1993). To establish that the error affected his substantial rights, Back must show that there is a "reasonable probability" that he or she would have received a more favorable outcome but for the error. *See United States v. Dominguez-Benitez*, 542 U.S. 74, 75 (2004); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005).

Back fails to establish plain error. The district court's admission of testimony that Hendrickson had been convicted and its instruction on the "knowingly" standard were obvious errors, but they did not create a "reasonable probability" that Back would have received a more favorable outcome but for the errors. Back's trial strategy depended on convincing the jury that, at all relevant times, he had a subjective "good faith" belief that his actions were legal, so as to

4                                                                          14-30265

preclude a finding of willfulness. But the government's evidence of willfulness—though circumstantial—was overwhelming. The government's evidence showed that everyone from Back's employer, to his boss, to a tax court, to the IRS, told Back that his position was frivolous. Moreover, Back sent his employer a phony "Certification of Federally Privileged Status" he doctored to look like an IRS document, which suggests an intent to deceive. Even after he was warned that he faced penalties for his false returns, he declined to amend them and then stopped filing returns altogether. Back did not offer any affirmative evidence of "good faith." Nor does Back challenge the sufficiency of the government's evidence on appeal.

Furthermore, with regard to the "knowingly" instruction, "[t]he jury instructions given by the district court must be viewed as a whole to determine whether they were adequate." *See Ward*, 914 F.2d at 1345. "A single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *United States v. Marsh*, 894 F.2d 1035, 1040 (9th Cir. 1989) (internal quotation omitted). Here, at every stage of the trial, the court, the prosecution, and Back each explicitly and repeatedly told the jury that the government had to prove willfulness beyond a reasonable doubt, and that a finding of "good faith" negates willfulness. In the context of the instructions as a whole, there is not a "reasonable probability" that the jury was confused about the

willfulness requirement. *See United States v. Molinaro*, 11 F.3d 853, 862 (9th Cir. 1993) (reasoning the jury could not have been confused when viewing the instructions in the context of the whole trial).

**AFFIRMED.**