NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10489 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08131-SPL-1 |
| v. | |
| JERROD HUNTER SCHMIDT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted February 6, 2020**
Phoenix, Arizona

Before:  O'SCANNLAIN, GRABER, and HURWITZ, Circuit Judges.

Jerrod Hunter Schmidt was convicted of transmitting threats against the President, in violation of 18 U.S.C. § 871(a), and transmitting threatening communications through interstate commerce, in violation of 18 U.S.C. § 875(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion in refusing to give a diminished-capacity instruction. Such an instruction is not required in cases involving threatening communications if the evidence shows only "the inherent irrationality of the threats themselves." *United States v. Christian*, 749 F.3d 806, 815 (9th Cir. 2014). Schmidt's threats were arguably irrational, but no more so than those in *Christian. See id.* at 808–10. The district court did not abuse its discretion in denying the instruction because all "a jury could reasonably infer from this evidence [is] that [Schmidt] suffered from some form of mental illness."[1] *Id.* at 815.

2. Schmidt contends that the district court plainly erred by allowing government witnesses to opine on the seriousness of the threats. But the district court did not describe the witnesses as experts, and the government never "prompted the jurors to defer to the expert opinions of its witnesses." *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002). Rather, the government elicited this testimony "merely to explain why the federal agents began investigating" Schmidt. *United States v. Wahchumwah*, 710 F.3d 862, 871 (9th Cir. 2013). "It is not improper for the government to elicit background information from a witness." *United States v.*

---

[1] Because we find insufficient evidence to support Schmidt's proposed instruction, we need not decide whether *Elonis v. United States*, 575 U.S. 723 (2015), affects the continuing validity of our cases holding that diminished capacity is not a defense to § 871(a) charges because it is a general-intent crime. *See, e.g.*, *United States v. Twine*, 853 F.2d 676, 679–81 (9th Cir. 1988); *Roy v. United States*, 416 F.2d 874, 877–78 (9th Cir. 1969).

*Croft*, 124 F.3d 1109, 1120 (9th Cir. 1997). Moreover, the challenged testimony did not deny Schmidt's right "to a fair trial." *United States v. Houser*, 804 F.2d 565, 570 (9th Cir. 1986).

**AFFIRMED.**